McMILLIN, C.J.,
for the Court:
¶ 1. David Lee Luster has appealed his conviction for murder in the shooting death of David Troy Middleton on the sole ground that the trial court erred in admitting into evidence, over defense counsel’s hearsay objection, the audio tapes of a call Luster made to the 911 emergency dispatcher to report the shooting moments after it occurred.
*442 ¶ 2. Luster, in his brief, does nothing to advance his argument beyond pointing to the self-evident proposition that, as a general rule of evidence, hearsay is inadmissible. See M.R.E. 802. Although the entire tape of the conversation was made an exhibit, Luster does not provide the Court with a transcript in which he points out specific instances that he contends were offered into evidence for the purpose of proving the matter asserted by the speaker in violation of the hearsay exclusionary rule. In the final analysis, we do not even know whether his dissatisfaction is with statements made by Luster himself or with statements made by the 911 operator responding to Luster’s call. It is not the duty of this Court to speculate as to what portion of the telephone call he is complaining about.
¶ 3. Even if we assume for the sake of argument that a portion of the recorded 911 call could be classified as hearsay not admissible under any of the exceptions found in our rules of evidence, Luster has still failed to tell this Court how the improperly admitted hearsay evidence interfered with his ability to receive a fundamentally fair trial. Mere errors in evidentiary rulings by the trial court, unless accompanied by some adverse effect on “a substantial right” of the defendant, do not require reversal on appeal. M.R.E. 103(a); Newsom v. State, 629 So.2d 611, 614 (Miss.1993).
¶ 4. It is the duty of the appellant, not only to demonstrate error in the introduction of the evidence, but also to show the prejudice to the defense that arose from that erroneous ruling. See Flowers v. State, 726 So.2d 185 (¶ 17)(Miss.Ct.App.1998). Luster, on the record and the briefs now before this Court, has failed on both counts.
¶ 5. The State, in its brief, points to a number of possible exceptions to the exclusionary hearsay rule that might have some application were we more certain of Luster’s specific complaint, such as present sense impression or excited utterance. See M.R.E. 803(1) and (2). There is the further possibility that, at least as to statements made by Luster himself, the conversation may not have been hearsay at all, but rather an admission by the defendant. See M.R.E. 801(d)(2). However, in the absence of any indication as to what Luster’s specific complaint with the contents of the 911 tape is, all such discussion is merely speculation.
¶ 6. Since we are unable to determine whether the evidence complained of by Luster was, in fact, objectionable hearsay, and since we are further unable to meaningfully assess what adverse impact the 911 tape may have had on Luster’s ability to defend himself at trial, assuming that the tape consisted at least in part of inadmissible hearsay, we find this appeal to be without merit.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT OF PANOLA COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.